# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM MEJIA, on behalf of himself and those similarly situated, | * Civil Action No. |
| | * |
| Plaintiffs, | * |
| v. | * |
| | * **COLLECTIVE AND CLASS ACTION** |
| ALLIED AVIATION SERVICES, INC., ABC CORPS. 1-10 (fictitious parties), and JOHN/JANE DOES 1-10 (fictitious parties), | **COMPLAINT AND JURY DEMAND** |
| | * |
| | * |
| Defendant. | * |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND NEW JERSEY LAW

Plaintiff William Mejia (hereinafter, "Named Plaintiff" or "Mejia"), by and through the undersigned counsel, individually and on behalf of members similarly situated, for his Collective and Class Action Complaint against Defendants Allied Aviation Services, Inc. (hereinafter, "Defendant" or "Allied Aviation"), ABC Corps. 1-10, and John/Jane Does 1-10 for the willful failure to compensate Named Plaintiff and similarly situated individuals (hereinafter, the "Collective and Class Members") overtime wages and other compensation, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq. ("NJWHL").  For his Complaint, Named Plaintiff states and alleges as follows:

## THE PARTIES

1.      Named Plaintiff is a resident of Elizabeth, in the County of Union, and in the State of New Jersey.

2.      Defendant Allied Aviation Services, Inc. is believed to be a New York corporation with its principal office in New York, New York and a place of business near Newark Liberty International Airport.

3.      Defendants ABC Corps. 1-10 and/or John/Jane Does 1-10 are currently unknown entities and/or natural persons, designated by fictitious names herein, who may also be liable to Named Plaintiff and the Collective and Class Members under the FLSA and NJWHL.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

5.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the wage and hour laws of New Jersey over which this Court maintains supplemental jurisdiction because the claims form a part of the same case or controversy.

6.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as Defendant's place of business is located near the Newark Liberty International Airport, Building 116, Fuel Farm Road, Elizabeth, New Jersey (hereinafter, the "Newark Airport Facility"), which is in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey.

## FACTUAL ALLEGATIONS

A.      **Named Plaintiff Mejia**

7.      Named Plaintiff Mejia is an individual, a United States citizen, and a resident of Elizabeth, New Jersey.

8.     Mejia worked as a Fueling Supervisor for Defendant Allied Aviation from 2004 through August 2023 at the Newark Airport Facility.

9.     At all relevant times, Mejia was non-exempt, and he was paid on an hourly basis.

10.    At all relevant times, Mejia was an "employee" as defined in the FLSA and the NJWHL.

11.    Named Plaintiff Mejia's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B.     Defendant Allied Aviation**

12.    Defendant Allied Aviation is a for-profit corporation authorized to do business in New Jersey, and it regularly conducts business in this judicial district.

13.    Upon information and belief, Defendant provides fueling services for the commercial aviation industry at domestic and global airports.

14.    Upon information and belief, Defendant operates the Newark Airport Facility and services most of the planes at Newark Liberty International Airport.

15.    At all relevant times, Allied Aviation was an "employer" as that term is defined by the FLSA and NJWHL due to its employment of Named Plaintiff and those similarly situated as described herein.

16.    At all relevant times, Defendant had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions and the day-to-day operations of the Newark Airport Facility, including matters governing the essential terms and conditions of their employment, such as uniforms, length of shifts, and the means and methods required to work.

17.     At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

18.     At all relevant times, Defendant had the authority to hire and fire employees, supervise, and control the work schedules, and work conditions of employees, determine the rates and methods of pay, and/or maintain employee records.

19.     Defendant applied or cause to be applied substantially the same employment policies, practices, and procedures to all employees at the Newark Airport Facility, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

20.     At all relevant times, Defendant permitted Named Plaintiff and other similarly situated employees to perform uncompensated work.

21.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

22.     During relevant times, Defendant has benefited from the work performed by Named Plaintiff and those similarly situated.

23.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and the State of New Jersey.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

24.     At all relevant times, (1) Defendant was an employer as defined by FLSA and NJWHL, (2) Named Plaintiff and those similarly situated employees regularly worked overtime without compensation, and (3) Defendant knew that Named Plaintiff and those similarly situated

worked overtime and did not pay them for it, including, but not limited to, the reasons alleged in subpart A below.

25.     During their employment with Defendant, Named Plaintiff and similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA and NJWHL for all of their compensable hours worked due to Defendant's company-wide policies/practices in several ways that are more fully outlined below.

**A.     Unpaid Overtime/Practice That Excludes Compensable Hours to the Detriment of Employees**

26.     Defendant maintains a policy and/or practice whereby it generally compensates its employees based on their *scheduled shifts* rather than for all the time that Defendant suffered or permitted its employees to work.

27.     Named Plaintiff and similarly situated employees regularly perform integral and indispensable unpaid work *before* and *after* the scheduled shifts, which is part of Defendant's principal activities and/or is an integral and indispensable part of the principal activities.  Such integral and indispensable work includes, but is not limited to: meeting with and receiving instructions and paperwork from the duty managers and/or other management personnel; preparing reports to Defendant; settling job tickets; handling other communications to Defendant; picking up and returning Defendant's company vehicles at the Newark Airport Facility; traveling between the Newark Airport Facility and the airport terminals; and staying to complete job tickets during times of inclement weather-related delays; among other job duties.

28.     Despite the performance of pre-shift and post-shift integral and indispensable work by Named Plaintiff and other similarly situated employees, Defendant does not pay its employees for such work.

29.     Additionally, Defendant maintains a policy and/or practice of mandating and/or requiring Named Plaintiff and similarly situated employees to work through lunch without compensation.

30.     Defendant also maintains a policy and/or practice of mandating and/or requiring Named Plaintiff and similarly situated employees to work after their scheduled shifts without compensation to complete job tickets when inclement weather causes delays during their regular shifts.

31.     Defendant's policy and/or practice whereby it only pays hourly employees for their scheduled shifts violates the FLSA and NJWHL because it fails to compensate employees for all time they have actually worked.

32.     This integral and indispensable unpaid work performed by Named Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

33.     There was no practical administrative difficulty of recording/paying this integral and indispensable unpaid work by Named Plaintiff and other similarly situated employees.

34.     The unpaid work performed by Named Plaintiff and other similarly situated employees constituted part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

35.     Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated employees and was part of their continuous workday.

**B.     FLSA Collective Action for Unpaid Overtime Wages**

36.     Named Plaintiff brings Count One of this action on his own behalf and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

37.     The collective that Named Plaintiff seeks to represent and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> All current and former hourly employees of Defendant Allied Aviation performing services as fueling supervisors and/or dispatchers who worked at least forty (40) hours of work in one or more workweeks beginning three (3) years prior to the filing of this Complaint and continuing through the date of judgment (the "FLSA Collective" or the "FLSA Collective Members").

38.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former fueling employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

39.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

**C.    Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages under New Jersey Law**

40.    Named Plaintiff brings additional claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the following class:

> All current and former hourly fueling supervisors and/or dispatchers employed by Defendant Allied Aviation in the State of New Jersey who worked at least forty (40) hours of work in one or more workweeks beginning six (6) years prior to the filing of this Complaint and continuing through the date of judgment (the "New Jersey Rule 23 Class" or the "New Jersey Rule 23 Class Members").

41.    The claims brought on behalf of the New Jersey Rule 23 Class, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the New Jersey Rule 23 Class during the relevant time period above due to Defendant's willful violations.

42.    The New Jersey Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

43.    Named Plaintiff is a member of the New Jersey Rule 23 Class, and his claims for unpaid wages are typical of the claims of other members of the New Jersey Rule 23 Class.

44.    Named Plaintiff will fairly and adequately represent the New Jersey Rule 23 Class and the interests of all members of the Class.

45.    Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the New Jersey Rule 23 Class Members whom he has undertaken to represent.

46.    Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire New Jersey Rule 23 Class.

47.    Questions of law and fact are common to the New Jersey Rule 23 Class and predominate over any questions affecting only individual members.  The questions of law and fact

common to the New Jersey Rule 23 Class arising from Defendant's actions include, without limitation, (a) whether Defendant violated NJWHL by failing to pay the New Jersey Rule 23 Class for all overtime wages earned because of one or more of the violations described herein; (b) whether Defendant kept accurate records of the amount of time the New Jersey Rule 23 Class was working each day; (c) whether Defendant's violations of the NJWHL were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the New Jersey Rule 23 Class on account of Defendant's violations of the NJWHL; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the NJWHL; and (f) what amount of prejudgment interest is due to Rule 23 Class Members on the overtime that was withheld or not paid to them.

48.    Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

49.    Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds applicable to the New Jersey Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the New Jersey Rule 23 Class as a whole.

50.    Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the New Jersey Rule 23 Class predominate over questions affecting individual members of the New Jersey Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

51.    A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural

burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending New Jersey litigation on behalf of the New Jersey Rule 23 Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this class as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT I

### (29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

52.     All of the preceding paragraphs are realleged as if fully rewritten herein.

53.     This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective Members against Defendant.

54.     Defendant's practice and/or policy of not paying Named Plaintiff and other similarly situated employees for integral and indispensable work performed outside of their scheduled shifts violates the FLSA, 29 U.S.C. § 207; see also 29 C.F.R. § 785.24 (stating same).

55.     Further, Defendant's practice and/or policy of failing to pay its employees overtime at a rate of one-and-one half times their regular rates of pay when they earned additional remuneration violates the FLSA as alleged herein.

56.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and other similarly situated employees violated the FLSA. See 29 C.F.R. § 516.2(a)(7).

57.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

58.    As a result of Defendant's practices and/or policies, Named Plaintiff and other similarly situated employees have not received overtime wages owed to them pursuant to the FLSA.

59.    The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Named Plaintiff.

60.    Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## COUNT II

**(NEW JERSEY WAGE & HOUR LAW –
RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

61.    All of the preceding paragraphs are realleged as if fully rewritten herein.

62.    The NJWHL requires employers, such as Defendant, to compensate Named Plaintiff and the New Jersey Rule 23 Class with an overtime rate of pay when they worked over forty (40) hours per week.  See N.J.S.A. 34:11-56a, et seq.

63.    Defendant's conduct against Named Plaintiff and the New Jersey Rule 23 Class violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., by failing to compensate Named Plaintiff and the New Jersey Rule 23 Class for all the hours worked and/or by not paying legally required overtime when Named Plaintiff and the New Jersey Rule 23 Class worked over forty (40) hours per week.

64.    As a result of Defendant's conduct, Named Plaintiff and the New Jersey Rule 23 Class have suffered and continue to suffer damages.  Named Plaintiff seeks unpaid overtime and

other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the New Jersey Rule 23 Class Members.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A.      Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Members apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.      Certifying the proposed New Jersey Rule 23 Class;

D.      Finding that Defendant has failed to keep accurate records in accordance with the FLSA and New Jersey law and that Named Plaintiff, the FLSA Collective Members, and the New Jersey Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.      Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA and NJWHL;

F.      Declaring judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G.      Declaring judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the New Jersey Rule 23 Class Members during the applicable statutory period under NJWHL and continuing through trial;

H.      Declaring judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the

FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

      I.     Declaring judgment against Defendant awarding to Named Plaintiff and the New Jersey Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial, together with any liquidated damages allowed by New Jersey law;

      J.     Awarding to Named Plaintiff and the New Jersey Rule 23 Class Members punitive, exemplary, and compensatory damages to the extent allowable under New Jersey law;

      K.     Awarding to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

      L.     Awarding to Named Plaintiff, the FLSA Collective Members, and the New Jersey Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

      M.     Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

      N.     Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

      O.     Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

      P.     Awarding such other and further relief as this Court may deem necessary, just, or proper.

## DEMAND FOR JURY TRIAL

Pursuant to <u>Fed. R. Civ. P.</u> 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Ravi Sattiraju, Esq. is hereby designated as lead trial counsel for Plaintiff.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy herein is the subject of no other proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief.  Further, I know of no other party who should be joined in this lawsuit other than the currently unidentified John/Jane Does and ABC Corps.

Respectfully submitted,

Dated:  June 4, 2024

*s/ Ravi Sattiraju*
Ravi Sattiraju (Bar # 035251998)
**SATTIRAJU & THARNEY, LLP**
50 Millstone Road, Building 300, Suite 202
East Windsor, New Jersey 08520
Telephone:  (609) 469-2110
Facsimile:  (609) 228-5649
Email:  rsattiraju@s-tlawfirm.com

# EXHIBIT A

## CONSENT TO JOIN AND PARTICIPATE AS NAMED PLAINTIFF

I understand that a lawsuit or other legal action is being filed against my former employer, Allied Aviation Services, Inc., and any of its officers, agents, parent corporations, subsidiaries, joint employers, and representatives to recover alleged unpaid wages, including overtime compensation, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., in addition to claims under applicable state laws.  I hereby consent and agree and opt-in to become a plaintiff class member.  I hereby agree to be bound by any adjudication of this action, whether it is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein approved by my attorneys and approved as fair, adequate, and reasonable.

Dated:

_____
SIGNATURE

William Mejia
NAME (Please Print Clearly)