## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

WILLIAM MEJIA, on behalf of himself and those similarly situated,

                Plaintiff,

-against-

ALLIED AVIATION SERVICES, INC., ABC CORPS. 1-10 (fictitious parties) and JOHN and JANE DOES 1-10 (fictitious parties),

                Defendant.

-----------------------------------------------------------------X

Civil Action No.
2:24-cv-06684(SRC)(JBC)

**ANSWER TO COMPLAINT**

Defendant, ALLIED AVIATION SERVICES, INC. ("Defendant") by and through its attorneys, Forchelli Deegan Terrana LLP, as and for its Answer to the complaint (the "Complaint") filed by plaintiff, WILLIAM MEJIA, on behalf of himself and those similarly situated ("Plaintiff"), responds as follows:

## NATURE OF THE ACTION

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "1" of the Complaint.

2. Defendant denies the allegations set forth in in paragraph "2" of the Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "3" of the Complaint.

## JURISDICTION AND VENUE

4. Defendant neither admits nor denies the allegations of paragraph "4" of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refer all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph "4" of the Complaint.

5. Defendant neither admits nor denies the allegations of paragraph "5" of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refer all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph "5" of the Complaint.

6. Defendant neither admits nor denies the allegations of paragraph "6" of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refer all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph "6" of the Complaint.

## FACTUAL ALLEGATIONS

### A. Named Plaintiff Mejia

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "7" of the Complaint.

8. Defendant denies the allegations set forth in paragraph "8" of the Complaint.

9. Defendant denies the allegations set forth in paragraph "9" of the Complaint.

10. Defendant neither admits nor denies the allegations of paragraph "10" of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refer all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph "10" of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "11" of the Complaint.

### B. Defendant Allied Aviation

12. Defendant denies the allegations set forth in paragraph "12" of the Complaint.

13. Defendant admits the allegations set forth in paragraph "13" of the Complaint.

14. Defendant denies the allegations set forth in paragraph "14" of the Complaint.

15. Defendant neither admits nor denies the allegations of paragraph "15" of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refer all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph "15" of the Complaint.

16. Defendant denies the allegations set forth in paragraph "16" of the Complaint.

17. Defendant denies the allegations set forth in paragraph "17" of the Complaint.

18. Defendant denies the allegations set forth in paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in paragraph "20" of the Complaint.

21. Defendant denies the allegations set forth in paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in paragraph "23" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

24. Defendant denies the allegations set forth in paragraph "24," inclusive of subparts (1) through (3), of the Complaint.

25. Defendant denies the allegations set forth in paragraph "25" of the Complaint.

**A. Unpaid Overtime/Practice that Excludes Compensable Hours to the Detriment of Employees.**

26. Defendant denies the allegations set forth in paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in paragraph "30" of the Complaint.

31. Defendant denies the allegations set forth in paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in paragraph "35" of the Complaint.

### B. FLSA Collective Action for Unpaid Overtime Wages

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "36" of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "37" of the Complaint.

38. Defendant denies the allegations set forth in paragraph "38" of the Complaint.

39. Defendant denies the allegations set forth in paragraph "39" of the Complaint.

### C. Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages Under New Jersey Law.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "40" of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "41" of the Complaint.

42. Defendant denies the allegations set forth in paragraph "42" of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "43" of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "44" of the Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the matters set forth in in paragraph "45" of the Complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "46" of the Complaint.

47. Defendant denies the allegations set forth in paragraph "47," inclusive of subparts "a" through "f" of the Complaint.

48. Defendant denies the allegations set forth in paragraph "48" of the Complaint.

49. Defendant denies the allegations set forth in paragraph "49" of the Complaint.

50. Defendant denies the allegations set forth in paragraph "50" of the Complaint.

51. Defendant denies the allegations set forth in paragraph "51" of the Complaint.

## COUNT I

(29 U.S.C. §207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

52. Defendant repeats and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "51," as if said statements were repeated herein at length in response to paragraph "52" of the Complaint.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth of the matters set forth in in paragraph "53" of the Complaint.

54. Defendant denies the allegations in paragraph "54" of the Complaint.

55. Defendant denies the allegations set forth in paragraph "55" of the Complaint.

56. Defendant denies the allegations set forth in paragraph "56" of the Complaint.

57. Defendant denies the allegations set forth in paragraph "57" of the Complaint.

58. Defendant denies the allegations set forth in paragraph "58" of the Complaint.

59. Defendant denies the allegations set forth in paragraph "59" of the Complaint.

60. Defendant denies the allegations set forth in paragraph "60" of the Complaint.

## COUNT II

### (NEW JERSEY WAGE & HOUR LAW – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

61. Defendant repeats and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "60," as if said statements were repeated herein at length in response to paragraph "61" of the Complaint.

62. Defendant neither admits nor denies the allegations of paragraph "62" of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refer all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph "62" of the Complaint.

63. Defendant denies the allegations in paragraph "63" of the Complaint.

64. Defendant denies the allegations set forth in paragraph "64" of the Complaint.

65. Defendant denies the allegations set forth in paragraph "56" of the Complaint.

66. Defendant denies the allegations set forth in paragraph "57" of the Complaint.

67. Defendant denies the allegations set forth in paragraph "58" of the Complaint.

68. Defendant denies the allegations set forth in paragraph "59" of the Complaint.

69. Defendant denies the allegations set forth in paragraph "60" of the Complaint.

### AS TO THE PRAYER FOR RELIEF

70. Defendant denies the allegations and claims contained in Plaintiff's prayer for relief in the Complaint, including subsections "A" through "P" thereof.

### DEMAND FOR A JURY TRIAL

71. Pursuant to Fed. R. Civ. P. 38, Defendant hereby demands a trial by jury as to all issues so triable.

72. **DESIGNATION OF TRIAL COUNSEL**

73. Lisa M. Casa, Esq., is hereby designated as lead trial counsel to Defendant.

## LOCAL CIVIL RULE 11.2

74. I hereby certify that the matter in controversy herein is the subject of no other proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief. Further, I know of no other party who should be joined in this lawsuit.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

75. By way of further answer, Defendant asserts the following and other defenses. In asserting these defenses, Defendant is providing notice to Plaintiff of the defenses Defendant intend to raise, and Defendant does not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant.

## AS AND FOR A FIRST DEFENSE

76. Plaintiff's Complaint, in whole or in part, fails to state a cause of action or claim upon which relief may be granted as a matter of fact and law.

## AS AND FOR A SECOND DEFENSE

77. Plaintiff's Complaint, is barred, in whole or in part, by applicable statutes of limitation and/or the doctrine of laches.

## AS AND FOR A THIRD DEFENSE

78. Defendant acted in good faith and have not violated any rights secured under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A FOURTH DEFENSE

79. The Complaint is barred, in whole or in part, pursuant to *inter alia*, New Jersey law as Defendant acted in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, interpretations and/or administrative practices or enforcement policies

of the New York State Department of Labor.

## AS AND FOR A FIFTH DEFENSE

80. The Complaint is barred, in whole or in part, pursuant to *inter alia*, New York law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the New Jersey Wage Payment Law ("NJWPL"), and all applicable regulations and as such, Defendant asserts a lack of willfulness, recklessness, or intent to violate the NJWPL and all applicable regulations.

## AS AND FOR A SIXTH DEFENSE

81. The Complaint fails to state a claim under federal, state, and local law upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

## AS AND FOR A SEVENTH DEFENSE

82. Without admitting that Plaintiff was subject to the overtime and wage and hour provisions of the NJWPL and all applicable regulations and without admitting that Plaintiff was employed by Defendant, Plaintiff was paid properly under all applicable wage hour laws and regulations.

## AS AND FOR AN EIGHTH DEFENSE

83. The Complaint is barred, in whole or in part, because of full and complete payment to Plaintiff, accord and/or satisfaction. Plaintiff has been paid fully and completely for all wages due and there are no amounts due and owing to Plaintiff.

## AS AND FOR A NINTH DEFENSE

84. Plaintiff cannot establish a willful violation under the NJWPL or the FLSA, and all applicable regulations.

### AS AND FOR A TENTH DEFENSE

85. Plaintiff cannot recover liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that Defendant's alleged acts or omissions were not in violation of the NJWPL and FLSA, and all applicable regulations.

### AS AND FOR AN ELEVENTH DEFENSE

86. Plaintiff's claims are barred in whole or in part to the extent that the work he performed and/or perform falls within exemptions, exclusions, offsets or credits, including, without limitation, those provided for in the NJWPL.

### AS AND FOR A TWELFTH DEFENSE

87. Plaintiff's claims are barred and precluded, in whole or in part, by the doctrine of avoidable consequences and estoppel.

### AS AND FOR A THIRTEENTH DEFENSE

88. To the extent Defendant failed to pay Plaintiff for any of the activities alleged in the Complaint -- which Defendant denies -- such activities do not constitute compensable work under the NJWPL or the FLSA, and any applicable regulations, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities/duties of (purported) employment and are not compensable.

### AS AND FOR A FOURTEENTH DEFENSE

89. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

### AS AND FOR A FIFTEENTH DEFENSE

90. Plaintiff is not entitled to equitable relief insofar as they have an adequate remedy

at law.

## AS AND FOR A SIXTEENTH DEFENSE

91. Plaintiff as a supervisor was exempt from receiving overtime under the FLSA and NJWPL.

## AS AND FOR A EIGHTEENTH DEFENSE

92. Plaintiff's claims are barred and precluded, in whole or in part, by Plaintiff's unreasonable failure under the circumstances to exercise reasonable care and avoid, minimize and/or mitigate any damages they may have suffered. Accordingly, Plaintiff's right to recover against Defendant should be reduced and/or eliminated due to such failure.

## AS AND FOR A NINETEENTH DEFENSE

93. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

## AS AND FOR A TWENTIETH DEFENSE

94. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A TWENTY FIRST DEFENSE

95. If Plaintiff suffered any of the damages alleged in the Complaint, such damages were suffered solely as a result of his own negligent, recklessness, and/or improper actions, practices and/or conduct, and Plaintiff's culpable conduct is a bar to any recovery against Defendant.

## AS AND FOR A TWENTY SECOND DEFENSE

96. To the extent discovery reveals Plaintiff falsely reported hours of work and there is no evidence that Defendant authorized, suffered or permitted the false reporting of hours, Defendant invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted

by Plaintiff.

## AS AND FOR A TWENTY THIRD DEFENSE

97. The Complaint is barred, in whole or in part, and neither a class or collective action can be certified, because Plaintiff cannot establish that he is similarly situated to potential members of the collective action for the purposes of 29 U.S.C. §216(b), or is a suitable class representative.

## AS AND FOR A TWENTY FOURTH DEFENSE

98. Plaintiff's claims are barred in whole, or in part, by the doctrines of res judicata, estoppel, and/or waiver.

## AS AND FOR A TWENTY FIFTH DEFENSE

99. Defendant is entitled to the benefit of all legal and equitable limitations and/or reductions imposed by statute or otherwise on any award of damages, costs, fees and/or disbursements to Plaintiff.

## AS AND FOR A TWENTY SIXTH DEFENSE

100. Defendant denies each and every allegation in the Complaint not expressly admitted herein.

## AS AND FOR A TWENTY SEVENTH DEFENSE

101. Defendant presently has insufficient knowledge or information upon which a belief can be formed as to whether Defendant may have additional, but yet unknown and unstated defenses. Defendant reserves the right to amend their Answer to assert such additional defenses in the event that discovery reveals that additional defenses are appropriate.

## AS AND FOR A TWENTY EIGHTH DEFENSE

102. The Plaintiff's claims are barred in whole or in part by the statute of limitations.

**AS AND FOR A TWENTY NINTH DEFENSE**

103. Plaintiff's claims are barred in whole or in part to the extent that the work they performed and/or performs falls within exemptions, exclusions, offsets or credits, including, without limitation, those provided for in Sections 7 and 13 of the FLSA, 29 U.S.C. §207, and NJWPL. Particularly, Plaintiff as a supervisor is exempt from receiving overtime payment.

**AS AND FOR A THIRTIETH DEFENSE**

104. Plaintiff and the putative class fail to meet the criteria necessary to satisfy the numerosity requirement, as set forth in the Federal Rules of Civil Procedure, Rule 23.

**AS AND FOR A THIRTY FIRST DEFENSE**

105. Defendant is entitled to the benefit of all legal and equitable limitations and/or reductions imposed by statute or otherwise on any award of damages, costs, fees and/or disbursements to the Plaintiff.

**AS AND FOR A THIRTY SECOND DEFENSE**

106. Plaintiff and the putative class fail to meet the criteria necessary to satisfy the requirement that questions of law or fact exist that are common to the class, as set forth in the Federal Rules of Civil Procedure, Rule 23.

**AS AND FOR A THIRTY THIRD DEFENSE**

107. Plaintiff and the putative class fail to meet the criteria necessary to satisfy the typicality requirement, as set forth in the Federal Rules of Civil Procedure, Rule 23.

**AS AND FOR A THIRTY FOURTH DEFENSE**

108. Plaintiff and the putative class fail to meet the criteria necessary to satisfy the requirement that the representative parties fairly and adequately protect the interests of the class, as set forth in the Federal Rules of Civil Procedure, Rule 23.

## AS AND FOR A THIRTY FIFTH DEFENSE

109. Class certification is inappropriate as common questions of law and/or fact do not predominate among the putative class members and the Plaintiff.

## AS AND FOR A THIRTY SIXTH DEFENSE

110. Class certification is inappropriate, as it is not a superior method for adjudicating this controversy.

## AS AND FOR A THIRTY SEVENTH DEFENSE

111. Defendant has relied on the prior determinations of the New Jersey Department of Labor that the Fueling Supervisors are exempt employees and are appropriately compensated under the NJWPL and FLSA.

**WHEREFORE,** it is respectfully requested that the Complaint be dismissed in its entirety and that Defendant be awarded: (a) the costs and disbursements of this action; and (b) such other and further relief as this Court deems just and proper.

Dated: August 8, 2024
      Uniondale, New York

FORCHELLI DEEGAN TERRANA LLP

By: ___/s/_____
Lisa M. Casa, Esq.
*Attorneys for Defendant*
The OMNI
333 Earle Ovington Blvd., Suite 1010
Uniondale, NY 11553
Phone: (516) 248-1700
Fax: (516) 248-1729
E-Mail: lcasa@forchellilaw.com