# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ | * | |
| WILLIAM MEJIA, on behalf of himself and those similarly situated, | * | Civil Action No. 2:24-cv-06684-SRC-JBC |
| | * | |
| Plaintiffs, | | |
| v. | * | |
| ALLIED AVIATION SERVICES, INC., ABC CORPS. 1-10 (fictitious parties), and JOHN/JANE DOES 1-10 (fictitious parties), | * | |
| | * | |
| | * | |
| _____ Defendant. | * | |

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

---

Ravi Sattiraju (Bar # 035251998)
**SATTIRAJU & THARNEY, LLP**
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Telephone: (609) 469-2110
Facsimile: (609) 228-5649
Email: rsattiraju@s-tlawfirm.com

Of Counsel and On the Brief
        Ravi Sattiraju, Esq. (Bar # 035251998)

On the Brief
        Carole Lynn Nowicki, Esq. (Bar # 0441719999)

## **TABLE OF CONTENTS**

I.    INTRODUCTION ..............................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND.....................................5

III.  LEGAL ARGUMENT ......................................................................................7

    A.    FLSA "Conditional Certification" Generally ..........................................7

    B.    Plaintiff Need Only Present Evidence Beyond Mere Speculation ........10

    C.    Plaintiff Has Met His Burden of Production and Has Made a Modest Factual Showing that Similarly Situated Individuals Exist......12

    D.    Named Plaintiff's Proposed Notice is Proper .......................................16

IV.   CONCLUSION...............................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Aguirre-Molina v Truscapes SW Fla. Inc.,*
    2016 WL 4472992 *5 (M.D. Fla. Aug. 3, 2016) ................................................13

*Altenbach v. The Lube Center, Inc.,*
    2009 WL 3818750 *2-3 (M.D. Pa. Nov. 13, 2009) .............................................4

*Barron v Henry Cty. Sch. Sys.,*
    242 F. Supp. 2d 1096 (M.D. Ala. 2003) .............................................................13

*Benion v. Lecom, Inc.,*
    2016 WL 2801562 *11 (E.D. Mich. May 13, 2016).........................................17

*Bhumithanarn v. 22 Noodle Mkt. Corp.,*
    2015 WL 4240985 *4 (S.D. N.Y. July 13, 2015) ..............................................15

*Bishop v. AT&T Corp.,*
    256 F.R.D. 503 (W.D. Pa. 2009).......................................................................17

*Bonett v. Shawmut Woodworking & Supply, Inc.,*
    2021 WL 423181 *4 (W.D. N.Y. Feb. 8, 2021).................................................15

*Bristol-Myers Squibb Co. v. Superior Court of Cal.,*
    582 U.S. 255 (2017)............................................................................................2

*Butler v. DirectSAT USA, LLC,*
    876 F. Supp. 2d 560 (D. Md. 2012) ..................................................................19

*Camesi v. Univ. of Pittsburgh Med. Ctr.,*
    729 F. 3d 239 (3d Cir. 2013).......................................................................3, 11

*Colley v Scherzinger Corp.,*
    2016 WL 1388853 *4 (S.D. Ohio Apr. 6, 2016)...............................................17

*Doe v. Banc, Jack & Joe, LLC,*
    2020 WL 2832621 *6 (D.N.J. June 1, 2020).....................................................18

*Essex v. Children's Place, Inc.*,
　　2016 WL 4435675 *7 (D.N.J. Aug. 16, 2016)...................................................18

*Fischer v. Federal Express Corp.*,
　　42 F.4th 366 (3d Cir. 2022).....................................................................2, 9

*Garcia v. Freedom Mortg. Corp.*,
　　2009 WL 3754070 *6 (D.N.J. Nov. 2, 2009)......................................................12

*Garcia v. Vertical Screen, Inc.*,
　　387 F. Supp. 3d 598 (E.D. Pa. 2019) ..............................................................17

*Gervasio v. Wawa Inc.*,
　　2018 WL 385189 *6-7 (D.N.J. Jan. 11, 2018)...................................................18

*Gilbertson v. J. Givoo Consultants I, Inc.*,
　　2021 WL 689114 *2 (D.N.J. Feb. 23, 2021) .....................................................18

*Goodman v. Burlington Coat Factory*,
　　2012 WL 5944000 *4 (D.N.J. Nov. 20, 2012)...................................................11

*Grayson v. K-Mart*,
　　79 F.3d 1086 (11th Cir. 1996) ....................................................................14

*Hagans v. Natl. Mentor Healthcare, Inc.*,
　　2023 WL 2554159 *5 (D.N.J. Mar. 17, 2023)...................................................17

*Halle v. West Penn Allegheny Health System*,
　　842 F.3d 215 (3d Cir. 2016)................................................................4, 8, 9, 10

*Harris v. Performance Transp., LLC*,
　　2015 WL 1257404 *6 (M.D. Fla. Mar. 18, 2015)...............................................19

*Herring v. Hewitt & Assoc., Inc.*,
　　2007 WL 21251693 *8 (D.N.J. July 24, 2007)..................................................12

*Hoffman-La Roche Inc. v. Sperling*,
　　493 U.S. 165 (1989)............................................. 5, 8, 9, 16, 17, 18, 19

*Infantino v. Sealand Contractors Corp.*,
　　565 F. Supp. 3d 347 (W.D. N.Y. 2021) ..........................................................15

*In re Citizens Bank, N.A.*,
   15 F.4th 607 (3d Cir. 2011) ......................................................................9

*Jones v. Cretic Energy Services, LLC*,
   149 F. Supp. 3d 761 (S.D. Tex. Dec. 9, 2015) .....................................20

*Longcrier v. H-L Co. Inc.*,
   595 F. Supp. 2d 1218 (S.D. Ala. 2008) ...............................................14

*Maddy v. Glen Elec. Co.*,
   59 F. Supp. 3d 675 (D.N.J. 2014) ........................................................11

*Morrison v. Columbus Fam. Health Care LLC*,
   2023 WL 3266785 *6 (S.D. Ohio May 5, 2023) ..................................15

*Ornelas v. Hooper Holmes, Inc.*,
   2014 WL 7051868 *9 (D.N.J. Dec. 12, 2014) .......................... 11, 13, 18

*Ouellette v. Ameridial, Inc.*,
   2017 WL 2972636 *4 (N.D. Ohio July 12, 2017) ...............................14

*Pearsall-Dineen v Freedom Mortg. Corp.*,
   27 F. Supp. 3d 567 (D.N.J. 2014) ................................3, 10, 11, 15, 17, 18

*Porter v. Merrill Lynch Pierce*,
   2018 WL 5874094 *4-5 (D.N.J. Nov. 9, 2018) ....................................18

*Rembert v. A Plus Home Health Care Agency LLC*,
   2018 WL 2015844 *2 (S.D. Ohio May 1, 2018) ..................................15

*Robbins v Blazin Wings, Inc.*,
   2016 WL 1068201 *6 (W.D. N.Y. 2016) .............................................15

*Robinson v Dolgencorp, Inc.*,
   2006 WL 3360944 *6 (M.D. Fla. Nov. 13, 2006) ...............................13

*Sanchez v. Santander Bank, N.A.*,
   2019 WL 6050738 *3 (D.N.J. Nov. 15, 2019).......................................18

*Sanchez v. Sephora USA, Inc.*,
   2012 WL 2945753 *6 (N.D. Ca. July 18, 2012).....................................20

*Scott v Heartland Home Finance, Inc.,*
    2006 WL 1209813 *3 (N.D. Ga. May 3, 2006)...................................................14

*Stillman v. Staples, Inc.,*
    2008 WL 1843998 (D.N.J. Apr. 22, 2008) .......................................................18

*Sullivan Blake v. FedEx Ground Package System,*
    2019 WL 4750141 (W.D. Pa. Sep. 30, 2019) ................................................9, 10

*Symczyk v. Genesis Healthcare Corp.,*
    656 F.3d 189 (3d. Cir. 2011) ............................................5, 8, 9, 10, 11

*Taylor v. Pittsburgh Mercy Health System, Inc.,*
    2009 WL 1324045 *2 (W.D. Pa. May 11, 2009) ..................................................4

*Vondriska v. Premier Mortg. Funding, Inc.,*
    564 F. Supp. 2d 1330 (M.D. Fla. 2007) ..............................................14

*Walters v. Buffets, Inc.,*
    2016 WL 4203851 *1 (D.S.C. March 1, 2016) .................................................19

*Williams v. ezStorage Corp.,*
    2011 WL 1539941 *3 (D. Md. Apr. 20, 2011)...................................................15

*Zavala v Wal-Mart Stores, Inc.,*
    691 F.3d 527 (3d Cir. 2012)............................................3, 5, 9, 10, 11

**STATUTES**

29 *U.S.C.* § 201 ........................................................................................1

29 *U.S.C.* § 216(b) ............................................................1, 3, 8, 16

29 *U.S.C.* § 207 ..................................................................................6, 7

**MISCELLANEOUS**

*Hybrid Class Actions, Dual Certifications, and Wage Law Enforcement in the Federal Courts,*
    29 Berkeley J. Emp. & Lab. L. 269 (2008) .......................................................19

## I. __INTRODUCTION__

Plaintiff William Mejia (hereinafter, "Named Plaintiff" or "Mejia") respectfully submits this Motion for Conditional Certification of his claims for under the failure to pay overtime wages and other compensation Fair Labor Standards Act of 1938 ("FLSA"), 29 *U.S.C.* § 201, *et seq*. Plaintiff was employed by Defendant Allied Aviation Services, Inc. (hereinafter, "Defendant" or "Allied Aviation") as a Fueling Supervisor from 2004 through August 2023, overseeing the fueling of commercial planes at Newark Airport. Plaintiff has brought this case on behalf of all Fueling Supervisors and Dispatchers who worked for Allied Aviation in New Jersey during the past three years.

Plaintiff and the other Fueling Supervisors and Dispatchers (collectively, "Fueling Supervisors") were hourly employees of Defendant. Defendant required them to work at least 30 minutes before and 30 minutes after each 8-hour scheduled shift without appropriate overtime pay as required by the FLSA. During the extra hour each workday, Plaintiff and the other Fueling Supervisors/Dispatchers attended meetings, obtained and completed documentation for their shifts, collected and returned Allied Aviation's vehicles, and traveled between Defendant's facility and Newark Airport (where the planes were fueled), passing through airport security checkpoints.

Pursuant to 29 *U.S.C.* § 216(b), Plaintiff now moves for an Order:

1.      Conditionally certify a collective under the FLSA of all persons who are working or have performed work for Allied Aviation as fueling supervisors and/or dispatchers and worked at least 40 hours of work in one or more workweeks at any time since June 4, 2021 through the present[1] (collectively, "Fueling Supervisors" or the "FLSA Collective") in the State of New Jersey[2];

2.      Directing Defendant to produce to Plaintiff's counsel the names, last known addresses, telephone numbers, and email addresses of all potential members of the FLSA Collective within ten days of the date of the Order; and further Order Defendant to post notices in conspicuous locations at Allied Aviation;

3.      Permitting Plaintiff to issue notices to all potential members of the FLSA Collective by first-class mail, text message, and email, informing them of their right to opt into this case;

4.      Establishing an opt-in period of 90 days, beginning from the date of Plaintiff's first issuance of the notices;

---

[1]  With regard to anyone who has already filed a signed consent form with the Court, those members of the FLSA Collective have an earlier limitations period, tolled as of the dates of their filings.

[2]  Pursuant to *Fischer v. Federal Express Corp.,* 42 F.4th 366 (3d Cir. 2022) and *Bristol-Myers Squibb Co. v. Superior Court of Cal*., 582 U.S. 255 (2017), Plaintiff limits this motion to those individuals who worked within the State of New Jersey.

5.      Allowing Plaintiff to send reminder notices by text message and/or email to all potential members of the FLSA Collective who have not yet responded to notice within 45 days of the first issuance of notice; and

6.      Approving Plaintiff's proposed form of Notice (attached as **Exhibit 1** to the Declaration of Ravi Sattiraju, Esq.), Plaintiff's proposed Opt-In Consent Form (attached as **Exhibit 2)**, and Plaintiff's proposed Text Notice (attached as **Exhibit 3)**, to be included in the issuance of notice pursuant to paragraphs 2-5 above.

As set forth in the accompanying Memorandum of Law, Plaintiff has satisfied the "lenient" evidentiary burden required for conditional certification and issuance of notice under 29 *U.S.C.* § 216(b).  Plaintiff respectfully requests that the Court grant his Motion.

"Courts within the Third Circuit follow a two-step process to determine whether a FLSA plaintiff may proceed with a collective action or instead must pursue their claim individually." *Pearsall-Dineen v. Freedom Mortg. Corp.,* 27 F. Supp. 3d 567, 569-70 (D.N.J. 2014) (citing *Camesi v. Univ. of Pittsburgh Med. Ctr.,* 729 F.3d 239, 242-43 (3d Cir. 2013; *Zavala v. Wal–Mart Stores, Inc.,* 691 F.3d 527, 535-37 (3d Cir. 2012).  Plaintiff in this case has met the lenient standard for conditional certification.  As set forth below, Plaintiff and the other Fueling Supervisors worked for Allied Aviation on the fueling of commercial planes at Newark Airport.  Their scheduled shifts were for eight hours.  However, Defendant required them to arrive

at least 30 minutes before each shift to prepare for the shift, pick up an Allied Aviation vehicle, and travel to Newark Airport in time to relieve the Fueling Supervisor from the prior shift. After their scheduled eight-hour shifts, the Fueling Supervisors were required to drive Allied Aviation vehicles back from Newark Airport to Allied Aviation's facility outside the airport, which required at least 30 minutes of time. However, Plaintiff and the Fueling Supervisors did not receive the overtime rate of time-and-a-half for hours worked in excess of 40 hours per week.

Plaintiff respectfully suggests that this FLSA conditional certification motion should be decided as soon as possible. As Judge Ambrose has observed, "'time [is] of the essence' for purposes of FLSA notice '[b]ecause the . . . statute of limitations is not tolled [until] a potential plaintiff opts in[to]' the proposed collective action." *Taylor v. Pittsburgh Mercy Health System, Inc.*, 2009 WL 1324045, *2 (W.D. Pa. May 11, 2009).[3] Our Court of Appeals agrees: "A district court's *early intervention* in the preparation and distribution of notice to potential participants serves legitimate purposes, including avoidance of multiplicity of duplicative suits and establishing cut-off dates to expedite disposition of the action." *Halle v. West Penn Allegheny Health System*, 842 F.3d 215, 224 (3d Cir. 2016) (emphasis supplied); *see also*

---

[3] *See also Altenbach v. The Lube Center, Inc.*, 2009 WL 3818750, *2-3 (M.D. Pa. Nov. 13, 2009) ("district courts have allowed the conditional certification of a class of putative plaintiffs before significant discovery takes place because the statute of limitations continues to run on unnamed class members' claims until they opt into the collective action").

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 171-172 (1989) (describing benefits of district court "ascertain[ing] the contours of the action at the outset"); *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (conditional certification arises at "initial stage" of litigation); *Symczyk*, 656 F.3d at 192-94 (conditional certification arises "[d]uring the initial phase" and at "threshold stage" of litigation).  As such, Plaintiff respectfully requests that the Court grant his Motion for Conditional Certification.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant Allied Aviation provides fueling services for the commercial aviation industry at domestic and global airports, including at Newark Liberty International Airport ("Newark Airport").  (*See* Complaint, ¶¶ 13-14; Declaration of William Mejia in Support of Motion for Conditional Certification ("Mejia Decl."), ¶¶ 2-4 and Ex. A.)  In New Jersey, Defendant has a main facility located at Building 116, Fuel Farm Road, Elizabeth, New Jersey ("Newark Airport Facility"), near Newark Airport.  (*See* Complaint, ¶ 2; Mejia Decl., ¶ 7.)  Defendant's Fueling Supervisors start and end their workdays at Defendant's Newark Airport Facility but then travel to/from Newark Airport and spend their scheduled shifts inside Newark Airport to facilitate the fueling of the commercial planes.

Named Plaintiff Mejia worked as a Fueling Supervisor for Defendant Allied Aviation from 2004 through August 2023 at the Newark Airport Facility.  Mejia

Decl., ¶ 3.  At all relevant times, Mejia was non-exempt, and he was paid on an hourly basis.  (*See* Complaint, ¶¶ 8-9; Mejia Decl., ¶ 12 and Ex. B.)

The FLSA requires that employees receive one and one-half times their regular rate for hours worked over 40 hours per work week.  *See* 29 *U.S.C.* § 207. Allied Aviation requires its Fueling Supervisors/Dispatchers to work at least five hours of overtime each work week without appropriate overtime pay.  (*See* Mejia Decl., ¶¶ 13-26; Declaration of Jose Fernandez ("Fernandez Decl."), ¶¶ 3-9; Declaration of Todd Moskowitz ("Moskowitz Decl."), ¶¶ 3-9.)  Named Plaintiff alleges that he and other Fueling Supervisors were employed by Allied Aviation within the last three years at the Newark Airport Facility.  (*See* Complaint, ¶¶ 8, 37.)

Allied Aviation has a policy that required Named Plaintiff and the Fueling Supervisors to work at least 30 minutes before their scheduled eight-hour shifts and at least 30 minutes after their scheduled shifts, which was not compensated at one and one-half times their regular hourly rates pursuant to the FLSA, 29 *U.S.C.* § 207. During those 30-minute periods, the Fueling Supervisors attended meetings, received instructions and paperwork from the duty managers, and picked up or returned an Allied Aviation vehicle.  The Fueling Supervisors also traveled to and from Newark Airport before and after their scheduled shifts, passing through a security checkpoint.  These additional 30-minute blocks before and after each shift were not compensated, and Allied did not pay overtime for them even when the

Fueling Supervisors worked more than 40 hours per work week. (*See* Complaint, ¶¶ 20, 24-35; Mejia Decl., ¶¶ 13-26; Fernandez Decl., ¶¶ 3-9; Moskowitz Decl., ¶¶ 3-9.) Instead, Allied Aviation only compensated them based on their *scheduled shifts* rather than for all the time that Defendant suffered or permitted its employees to work, both *before* and *after* the scheduled shifts.[4] (*See* Complaint, ¶¶ 26-30; Mejia Decl., ¶¶ 13-21; Fernandez Decl., ¶¶ 3-9; Moskowitz Decl., ¶¶ 3-9.) Defendant also required Plaintiff and the Fueling Supervisors/Dispatchers to work through lunch without compensation. (*See* Complaint, ¶ 29; Mejia Decl., ¶¶ 13, 25; Fernandez Decl., ¶ 6; Moskowitz Decl., ¶ 6.)

The collective allegations plausibly establish a widespread violation of 29 *U.S.C.* § 207 because Allied Aviation failed to compensate the Fueling Supervisors for all times worked and for overtime due.

## III.  **LEGAL ARGUMENT**

### A. FLSA "Conditional Certification" Generally.

"Under the 'collective action' mechanism, an employee alleging an FLSA violation may bring an action on 'behalf of himself . . . and other employees similarly situated,' subject to the requirement that '[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and

---

[4]    At times, Allied Aviation paid a flat fee to Fueling Supervisors who worked a block of two or more additional hours after their shifts, but the flat fee was not equivalent to time-and-a-half their hourly rates. (Mejia Decl., ¶¶ 22-24.)

such consent is filed in the court in which such action is brought." *Symczyk*, 656 F.3d at 192 (quoting 29 *U.S.C.* § 216(b)).

In *Halle v. West Penn Allegheny Health System*, 842 F.3d 215, 223 (3d Cir. 2016) the Third Circuit described some of the benefits and efficiencies obtained by the FLSA's collective action mechanism:

> FLSA [Section 216(b)] provides a vehicle for managing claims of multiple employees against a single employer. By permitting employees to proceed collectively, the FLSA provides employees the advantages of pooling resources and lowering individual costs so that those with relatively small claims may pursue relief where individual litigation might otherwise be cost-prohibitive. It also yields efficiencies for the judicial system through resolution in one proceeding of common issues arising from the same allegedly wrongful activity affecting numerous individuals."

Further, "[a] district court's early intervention in the preparation and distribution of notice to potential participants serves legitimate purposes, including avoidance of multiplicity of duplicative suits and establishing cut-off dates to expedite disposition of the action." *Id.* at 224; *accord Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (collective actions provide employees with "the advantage of lower individual costs to vindicate rights by the pooling of resources."); *Symczyk*, 656 F.3d at 200 (Congress' purpose behind collective action "was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer.") (internal quotations omitted).

These advantages, however, "depend[] on employees receiving accurate and

timely notice . . . so that they can make informed decisions about whether to participate." *Hoffman-LaRoche*, 493 U.S. at 170.  As such, district courts have a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71.

Crucially, conditional certification merely facilitates ***notice*** to employees.  As the Third Circuit has emphasized, conditional certification has nothing to do with "class certification" in the traditional sense:  "the certification we refer to here is only the district court's exercise of [its] discretionary power, upheld in *Hoffman-LaRoche*, to facilitate notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under FLSA." *Symczyk*, 656 F.3d at 194 (internal quotations omitted); *Halle*, 842 F.3d at 224 ("sole consequence of conditional certification is the dissemination of court-approved notice to potential collective action members.") (internal quotations omitted); *Zavala*, 691 F.3d at 536 ("'conditional certification' is not really a certification.").[5]  As such, "the inquiry at the first step of the certification process is limited to whether "'similarly situated [individuals] do in fact exist.'" *Sullivan Blake v. FedEx Ground Package System*,

---

[5]    *See also Fischer v. Fed. Express Corp.*, 42 F.4th 366, 376 (3d Cir. 2022) ("certification" of a collective action "is a misnomer" because it "only results in notice to potential plaintiffs, rather than the creation of an independent legal entity."); *In re Citizens Bank, N.A.*, 15 F.4th 607, 611 (3d Cir. 2011) ("Conditional certification permits the dissemination of a court-approved notice to all potential plaintiffs, who are then given the opportunity to affirmatively opt in as plaintiffs to the lawsuit.").

2019 WL 4750141 (W.D. Pa. Sep. 30, 2019) quoting *Zavala*, 691 F.3d at 536 n.4.

Importantly, conditional certification does not guarantee a collective trial. Whether the lawsuit *ultimately* will proceed as a collective action is determined later in the litigation, "[a]fter discovery, and with the benefit of a much thicker record than it had at the notice stage." *Symczyk*, 656 F.3d at 193 (internal quotation omitted); *Halle*, 842 F.3d at 226 ("Upon conclusion of discovery, the parties will file motions seeking final certification or decertification of the collective action."); *Zavala*, 691 F.3d at 537 (it is at the "second stage" that "plaintiffs must demonstrate by a preponderance of the evidence that members of a proposed collective action are similarly situated in order to obtain final certification.").

### B. Plaintiff Need Only Present Evidence Beyond Mere Speculation.

Conditional certification merely requires the plaintiff to present "some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." *Szmczyk v. Genesis Healthcare Corp.,* 656 F.3d 189, 193 (3d Cir. 2011). When considering the first step of conditional certification, courts apply a "fairly lenient standard" to determine whether the plaintiff has met the "modest factual showing" necessary for certification. *Pearsall-Dineen*, 27 F. Supp. 3d at 570 (quoting *Zavala,* 691 F.3d at 536 n. 4).

Courts in the Third Circuit "follow a two-step process for deciding whether an action may properly proceed as a collective action under the FLSA." *Camesi*, 729 F.3d at 243 (citing *Zavala*, 691 F.3d at 535). "Applying a 'fairly lenient standard' at the first step, the court makes a preliminary determination as to whether the named plaintiffs have made a 'modest factual showing' that the employees identified in their complaint are 'similarly situated.'" *Camesi*, 729 F.3d at 243 (3d Cir. 2013) (quoting *Zavala*, 691 F.3d at 536 & n. 4). Conditional certification occurs early on in the case, before significant discovery has taken place. "At the second stage, with the benefit of discovery, 'a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff.'" *Camesi*, 729 F.3d at 243 (quoting *Symczyk*, 656 F.3d at 193).

Accordingly, at the conditional certification stage, courts do not rule on the merits of the case or determine issues of credibility. *Maddy v. Gen. Elec. Co.,* 59 F. Supp. 3d 675, 681 (D.N.J. 2014) (citing *Goodman v. Burlington Coat Factory*, 2012 WL 5944000, at *4 (D.N.J. Nov. 20, 2012)) ("Courts do not assess the merits of plaintiffs' underlying claims at this stage."); *Ornelas v. Hooper Holmes, Inc.,* 2014 WL 7051868, at *9 (D.N.J. Dec. 12, 2014) ("Engaging in the individualized inquiry proposed by Defendants would require the Court to engage in a detailed fact finding determination on the merits, which is improper at this stage of the litigation.");

*Herring v. Hewitt & Assoc., Inc.,* 2007 WL 2121693, at *8 (D.N.J. July 24, 2007) ("We will not consider the substance of Defendant's arguments on the merits at this stage because only a motion for conditional certification is presently before us.").

### C. Plaintiff Has Met His Burden of Production and Has Made a Modest Factual Showing that Similarly Situated Individuals Exist.

Named Plaintiff has amply demonstrated that he and the other Fueling Supervisors who performed work for Allied Aviation are "similarly situated" for purposes of conditional certification. Named Plaintiff has brought a single FLSA claim for unpaid overtime. Named Plaintiff and two other former Fueling Supervisors (Fernandez and Moskowitz) have submitted Declarations attesting to the fact that they were all subjected to a policy and practice by Defendant that required them to routinely work at least five hours of overtime each workweek for which Defendant failed to pay them time-and-a-half as required by Section 207 of the FLSA. [6]

Such evidence of a company-wide policy is a sufficient basis for conditional certification. Plaintiff has shown that Plaintiff and other Fueling Supervisors "make the same allegation of injury imposed by a single policy of the Defendant[.]" *Garcia v. Freedom Mortg. Corp.,* 2009 WL 3754070, at *6 (D.N.J. Nov. 2, 2009) (Granting motion for conditional certification and finding that "[a]ll prospective [collective]

---

[6]    Named Plaintiff and two other potential Collective Members have also signed Opt-In/Consent to Join forms. *See* Declaration of Ravi Sattiraju, Esq., Ex. 4.

members . . . work for Freedom Mortgage, have been expected to work over forty hours a week and have not been compensated for that overtime."); *see also Ornelas*, 2014 WL 7051868, at *8 (D.N.J. Dec. 12, 2014) (in case involving misclassification claims, finding that "Plaintiffs and [] putative class members are employed in similar positions and the allegations that Defendants engaged in the practice of not paying overtime is sufficient to support the allegation that Plaintiffs were collectively the victims of a single decision, policy or plan."); *see also, Aguirre-Molina v. Truscapes SW Fla. Inc.,* 2016 WL 4472992, *5 (M.D. Fla. Aug. 3, 2016) ("allegations regarding . . . a common policy or plan provide a reasonable basis for granting certification"); *Robinson v. Dolgencorp, Inc.,* 2006 WL 3360944, *6 (M.D. Fla. Nov. 13, 2006) (same); *Barron v. Henry Cty. Sch. Sys.,* 242 F. Supp. 2d 1096, 1102 (M.D. Ala. 2003) (same).

The Declaration of Named Plaintiff as well as the supporting Declarations submitted demonstrate that Plaintiff and the other Fueling Supervisors were subjected to the same requirement to work before and after each of their scheduled eight-hours shifts. (*See* Mejia Decl., ¶¶ 13-26; Fernandez Decl., ¶¶ 3-8; Moskowitz Decl., ¶¶ 3-8.) Defendant required this extra work routinely; it was not an unusual occurrence. *Id.* The only time that Defendant paid anything extra was when the overtime exceeded two hours at a time, but then still did *not* compensate at one-and-one-half times the Fueling Supervisor's regular hourly rate. *Id.*

Any minor variations between the Named Plaintiff and the Collective Members (to the extent any exist) are not a barrier to conditional certification -- collective action members need only be similar, not identical: "variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage." *Vondriska v. Premier Mortg. Funding, Inc.,* 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007) (quoting *Scott v. Heartland Home Finance, Inc.,* 2006 WL 1209813, *3 (N.D. Ga. May 3, 2006)); *Grayson v. K-Mart*, 79 F.3d 1086, 1096 (11th Cir. 1996).[7]  To the extent there are any variations at all between Named Plaintiff's work experience and those of the other declarants, they are only minor and do not undermine conditional certification.

Plaintiff has satisfied his modest burden of showing that he and the other Fueling Supervisors are similarly situated.  *See, e.g., Ouellette v. Ameridial, Inc.,* 2017 WL 2972636, at *4 (N.D. Ohio July 12, 2017) ("despite there being no

---

[7]  *See Vondriska*, 564 F. Supp. 2d at 1335 (conditional certification is appropriate where "the employees' pay provisions are similar in that they are all compensated by commissions.  Although there are variations in job titles and job duties, the record evidence shows that there is a uniform class of employees whose primary duty is selling loans."); *Longcrier v. H-L Co. Inc.*, 595 F. Supp. 2d 1218, 1236 (S.D. Ala. 2008) (granting conditional certification on the basis that "Plaintiffs have adequately and sufficiently demonstrated that other hourly employees at [defendant] are similarly situated to them, in the sense that they are subject to common policies, practices or plans of HL–A that allegedly violate the FLSA.").

affidavits other than plaintiff's, plaintiff has submitted three job postings from defendant's own website setting forth job descriptions for 'healthcare customer service' [which] are broadly consistent with the job that Ouellette describes doing . . . this establishes a 'modest factual showing' of similarity in the job of CSR");[8] *see also Pearsall-Dineen*, 27 F. Supp. 3d at 573, n. 4 (affidavits submitted in support of motion for conditional certification provide sufficient evidence where "the opt-in Plaintiffs explain their personal experience with the underwriting workload and

---

[8]  A number of courts have granted conditional certification based on a single affidavit.  *See Morrison v. Columbus Fam. Health Care LLC*, 2023 WL 3266785, at *6 (S.D. Ohio May 5, 2023) (quoting *Rembert v. A Plus Home Health Care Agency LLC,* 2018 WL 2015844, at *2 (S.D. Ohio May 1, 2018) (citation omitted) ("'A court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff.'  Indeed, this Court has done so on multiple occasions.") (collecting cases); *Infantino v. Sealand Contractors Corp.,* 565 F. Supp. 3d 347, 365 (W.D. N.Y. 2021) (quoting *Robbins v. Blazin Wings, Inc.,* 2016 WL 1068201, *6 (W.D. N.Y. 2016)) ("an FLSA collective action may be conditionally certified upon even a single plaintiff's affidavit."); *Bonett v. Shawmut Woodworking & Supply, Inc.,* 2021 WL 423181, at *4 (W.D. N.Y. Feb. 8, 2021) ("a single affidavit can be sufficient to meet the low standard for conditional class certification."); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, 2015 WL 4240985, at *4 (S.D. N.Y. July 13, 2015) (granting Plaintiff's motion for conditional certification based on single affidavit which "sets forth sworn statements that she and 'at least 25 other workers at Obao' were employed by the Defendants, regularly worked for less than minimum wage, and were not paid overtime; she also states that her co-workers in tipped positions were often forced by Defendants to share tips or have their tips deducted as punishment."); *Williams v. ezStorage Corp.,* 2011 WL 1539941, at *3 (D. Md. Apr. 20, 2011) (finding that a plaintiff had demonstrated that she was "similarly situated" to other potential plaintiffs based on a "single affidavit," coupled with excerpts from the defendant's employee handbook).

policies, and based on their 'personal knowledge, observations, and experiences,' specifically identify other underwriters who had similar job roles and were allegedly also deprived of their overtime wages.").

### D. Named Plaintiff's Proposed Notice is Proper.

Named Plaintiff asks the Court to permit issuance of notice of the lawsuit to "all current and former hourly employees of Defendant Allied Aviation performing services as fueling supervisors and/or dispatchers who worked at least forty (40) hours of work in one or more workweeks beginning three (3) years prior to the filing of this Complaint and continuing through the date of judgment," which is the putative FLSA Collective defined in the Complaint.

Congress' purpose in authorizing § 216(b) collective actions was to avoid multiple lawsuits where numerous employees have been harmed by a common violation of the FLSA. *See Hoffman-La Roche*, 493 U.S. at 170 (describing benefits of collective action under the analogous Age Discrimination in Employment Act). As the Supreme Court has noted, "[t]hese benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* Court-authorized notice also prevents "misleading communication" to class members about the nature of the pending case. *Id.* at 172.

Named Plaintiff's proposed notice form (*see* Exhibit 1) meets the

requirements of being "timely, accurate and informative." *Hoffman-LaRoche*, 493 U.S. at 172.  The proposed notice describes the lawsuit, informs individuals who have worked as Fueling Supervisors or Dispatcher for Allied Aviation of their opportunity to "opt-in," instructs them how to opt-in, and notifies them of the effect of their decision to opt-in.  The three-year period provided for in the notice is appropriate at the conditional certification stage.[9]

Plaintiff therefore seeks leave to send the notice and consent form attached as Exhibits 1, 2, and 3 by First Class Mail, email, and text message to all individuals who have worked as Fueling Supervisors or Dispatchers for Allied Aviation during the past three years.  "Utilizing electronic means and USPS to notify potential opt-in plaintiffs allows the Court to provide more 'accurate and timely notice concerning the pendency of the collective action,' to which 'the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.'"  *Hagans v. Natl. Mentor Healthcare,*

---

[9]    *See Pearsall-Dineen*, 27 F. Supp. 3d at 574 (certifying collective covering "the last three years prior to the filing of the Complaint . . . through the entry of Judgment."); *Garcia v. Vertical Screen, Inc.,* 387 F. Supp. 3d 598, 604 (E.D. Pa. 2019) (granting conditional certification for a three-year period); *Bishop v. AT & T Corp.,* 256 F.R.D. 503, 504 (W.D. Pa. 2009) (same); *see also Benion v. Lecom, Inc.,* 2016 WL 2801562, at *11 (E.D. Mich. May 13, 2016) (quoting *Colley v. Scherzinger Corp.,* 2016 WL 1388853, *4 (S.D. Ohio Apr. 6, 2016)) ("It is appropriate to allow a three-year look-back period in the notice where '[t]he absence of willful conduct is not established as a matter of law by the pleadings.'").

*Inc.*, 2023 WL 2554159, at *5 (D.N.J. Mar. 17, 2023) (quoting *Hoffman-La Roche*, 493 U.S. at 170-71) (authorizing notice by mail, email and text message). [10] To that end, Plaintiff requests that the Court order Defendant to produce the names, last known mailing and email addresses, and telephone numbers for all putative Collective Members. Courts granting conditional certification routinely order defendants to produce this information to facilitate notice to collective action members.[11]

Named Plaintiff also requests that Collective Members who desire to participate in this lawsuit be provided 90 days from the date of mailing in which to file their consent forms. Named Plaintiff anticipates that there are a large number of

---

[10]    *See Gilbertson v. J. Givoo Consultants I, Inc.*, CV 20-6991, 2021 WL 689114, at *2 (D.N.J. Feb. 23, 2021) ("[T]he practice of permitting notice by USPS and additional electronic means, including email and text messaging, finds ample support in this district."); *Sanchez v. Santander Bank, N.A.,* 2019 WL 6050738, at *3 (D.N.J. Nov. 15, 2019) ("In this day of electronic communications, courts in this District have found notice by electronic means in conjunction with first class mail to be an appropriate method of facilitating notice."); *Ornelas,* 2014 WL 7051868, at *9-10; *Gervasio v. Wawa Inc.,* 2018 WL 385189, at *6-7 (D.N.J. Jan. 11, 2018); *Porter v. Merrill Lynch Pierce,* 2018 WL 5874094, at *4-5 (D.N.J. Nov 9, 2018).

[11]    *See Gilbertson,* 2021 WL 689114, at *2 (D.N.J. Feb. 23, 2021) ("[i]n FLSA collective action cases, courts routinely order employers to produce a list of potential class members to Class Counsel.") (citing *Essex v. Children's Place, Inc.,* 2016 WL 4435675, at *7 (D.N.J. Aug. 16, 2016); *Pearsall-Dineen*, 27 F. Supp. 3d at 574; *Stillman v. Staples, Inc.,* 2008 WL 1843998 (D.N.J. Apr. 22, 2008)); *Doe v. Banc, Jack & Joe, LLC,* 2020 WL 2832621, at *6 (D.N.J. June 1, 2020) ("The Court will . . . grant Doe's request that defendants produce the names, last known addresses, phone numbers, and email addresses of the putative class members.").

Collective Members who worked at the Newark Airport Facility during the relevant time period. A 90-day opt-in period will be appropriate to allow sufficient time for these individuals to receive notice and to opt-in. This request is consistent with the established practice for notice periods under the FLSA. *See, e.g., Hoffman-LaRoche,* 493 U.S. at 169; *Butler,* 876 F. Supp. 2d at 575 ("Notice periods may vary, but numerous courts around the country have authorized ninety-day opt-in periods for collective actions.") (citations omitted); *Harris v. Performance Transp., LLC,* 2015 WL 1257404, at *6 (M.D. Fla. Mar. 18, 2015) ("[C]ourts routinely grant ninety-day opt-in periods."). Therefore, Named Plaintiff respectfully requests a 90-day opt-in period.

Additionally, Named Plaintiff requests permission to mail, email, and/or text reminders to all individuals who have not yet submitted their written consent forms within 45 days of the first notice mailing.[12] Courts regularly authorize reminder notices to increase the chance that workers will be informed of their rights. *See Walters v. Buffets, Inc.,* 2016 WL 4203851, *1 (D.S.C. March 1, 2016) (permitting the issuances of reminder notices because "[t]his court specifically finds compelling the FLSA's intentions to inform as many plaintiffs as possible of their right to opt

---

[12] It is well-documented that people often disregard collective action notices. *See* Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts*, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008). For this reason, a reminder would help ensure participation in this case.

into a collective action like the one here."); *Jones v. Cretic Energy Services, LLC,* 149 F. Supp. 3d 761, 776 (S.D. Tex. Dec. 9, 2015); *Sanchez v. Sephora USA, Inc.,* 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012) ("[C]ourts have recognized that a second notice or reminder is appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in.") (internal citations omitted). A reminder notice will help ensure the participation of putative Collective Members in this case and will further the remedial purposes of the FLSA.

## IV.    CONCLUSION

For the foregoing reasons, Named Plaintiff respectfully requests that his Motion for Conditional Certification be granted, authorizing Named Plaintiff to issue the proposed notice and opt-in form, which will allow potential Collective Members join this case.

Respectfully submitted,

*s/ Ravi Sattiraju*
Ravi Sattiraju (Bar # 035251998)
**SATTIRAJU & THARNEY, LLP**
50 Millstone Road,
Building 300, Suite 202
East Windsor, New Jersey 08520
Telephone: (609) 469-2110
Facsimile: (609) 228-5649
Email:  rsattiraju@s-tlawfirm.com

*Attorneys for Plaintiff William Mejia, on behalf of himself and those similarly situated*

Dated:  February 26, 2025