## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | * |  |
| WILLIAM MEJIA, on behalf of himself and those similarly situated, | * | Civil Action No. 2:24-cv-06684-SRC-JBC |
|  | * |  |
| Plaintiffs, |  |  |
| v. | * |  |
| ALLIED AVIATION SERVICES, INC., ABC CORPS. 1-10 (fictitious parties), and JOHN/JANE DOES 1-10 (fictitious parties), | * | **MOTION DAY:  APRIL 21, 2025** |
|  | * |  |
|  | * |  |
|  | * |  |
| _____ Defendant. | * |  |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

Ravi Sattiraju (Bar # 035251998)
**SATTIRAJU & THARNEY, LLP**
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Telephone: (609) 469-2110
Facsimile: (609) 228-5649
Email:  rsattiraju@s-tlawfirm.com

Of Counsel and On the Brief
     Ravi Sattiraju, Esq. (Bar # 035251998)

On the Brief
     Carole Lynn Nowicki, Esq. (Bar # 0441719999)

I.    INTRODUCTION ........................................................................................... 1

II.   LEGAL ARGUMENT .................................................................................... 2

    A.    The Court Should Entirely Disregard Point 1 of Defendant's
        Opposition Brief as Irrelevant to a Determination for FLSA
        Conditional Certification .......................................................................... 2

    B.    Plaintiff Has Satisfied the Legal Standard for the Court to
        Conditionally Certify the FLSA Collective ............................................. 5

    C.    Defendant's Criticisms of Plaintiff's Supporting Declarations Are
        Inconsistent and Do Not Constitute Grounds to Deny Conditional
        Certification ............................................................................................. 9

    D.    Point IV of Defendant's Brief Lacks Merit and Legal Support and
        Should be Disregarded .......................................................................... 12

III.  CONCLUSION ............................................................................................ 14

**Page(s)**

CASES

*Aguirre-Molina v Truscapes SW Fla. Inc.,*
   2016 WL 4472992 (M.D. Fla. Aug. 3, 2016) .......................................7

*Barron v Henry Cty. Sch. Sys.,*
   242 F. Supp. 2d 1096 (M.D. Ala. 2003) .............................................7

*Bhumithanarn v. 22 Noodle Mkt. Corp.,*
   2015 WL 4240985 (S.D. N.Y. July 13, 2015)......................................8

*Bonett v. Shawmut Woodworking & Supply, Inc.,*
   2021 WL 423181 (W.D. N.Y. Feb. 8, 2021).........................................8

*Branch v Cream-O-Land Dairy,*
   224 N.J. 567 (2021) ..........................................................................4

*Camesi v. Univ. of Pittsburgh Med. Ctr.,*
   729 F. 3d 239 (3d Cir. 2013)..............................................................5

*DiFlavis v Choice Hotels Int'l, Inc.,*
   2020 WL 610778 (E.D. Pa. Feb. 6, 2020) .........................................11

*Ferreras v. Am. Airlines, Inc.,*
   946 F.3rd 178 (3d Cir. 2019)............................................................11

*Fischer v. Federal Express Corp.,*
   42 F.4th 366 (3d Cir. 2022)..............................................................12

*Garcia v. Freedom Mortg. Corp.,*
   2009 WL 3754070 (D.N.J. Nov. 2, 2009)............................................7

*Gervasio v. Wawa Inc.,*
   2018 WL 385189 (D.N.J. Jan. 11, 2018) ..........................................13

*Goodman v. Burlington Coat Factory,*
   2012 WL 5944000 (D.N.J. Nov. 20, 2012).........................................3

*Grayson v. K-Mart,*
  79 F.3d 1086 (11th Cir. 1996) ...............................................................................10

*Halle v. West Penn Allegheny Health System,*
  842 F.3d 215 (3d Cir. 2016) ..................................................................3, 11, 12

*Herring v. Hewitt & Assoc., Inc.,*
  2007 WL 21251693 (D.N.J. July 24, 2007).............................................................4

*Hoffman-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989).........................................................................................12, 13

*Infantino v. Sealand Contractors Corp.,*
  565 F. Supp. 3d 347 (W.D. N.Y. 2021) ...............................................................8

*In re Citizens Bank, N.A.,*
  15 F.4th 607 (3d Cir. 2011) ...............................................................................12

*Longcrier v. H-L Co. Inc.,*
  595 F. Supp. 2d 1218 (S.D. Ala. 2008) .............................................................10

*Maddy v. Glen Elec. Co.,*
  59 F. Supp. 3d 675 (D.N.J. 2014) .......................................................................3

*Morrison v. Columbus Fam. Health Care LLC,*
  2023 WL 3266785 (S.D. Ohio May 5, 2023) .......................................................8

*Ornelas v. Hooper Holmes, Inc.,*
  2014 WL 7051868 (D.N.J. Dec. 12, 2014)...............................................3, 7, 11

*Ouellette v. Ameridial, Inc.,*
  2017 WL 2972636 (N.D. Ohio July 12, 2017) .....................................................8

*Pearsall-Dineen v Freedom Mortg. Corp.,*
  27 F. Supp. 3d 567 (D.N.J. 2014) ....................................................................5, 8

*Porter v. Merrill Lynch Pierce Fenner & Smith Inc.,*
  2018 WL 5874094 (D.N.J. Nov. 9, 2018)............................................................14

*Rembert v. A Plus Home Health Care Agency LLC,*
  2018 WL 2015844 (S.D. Ohio May 1, 2018) ........................................................8

*Robbins v Blazin Wings, Inc.,*
    2016 WL 1068201 (W.D. N.Y. 2016) ....................................................8

*Robinson v Dolgencorp, Inc.,*
    2006 WL 3360944 (M.D. Fla. Nov. 13, 2006) ...................................7

*Scott v Heartland Home Finance, Inc.,*
    2006 WL 1209813 (N.D. Ga. May 3, 2006)......................................10

*Sullivan Blake v. FedEx Ground Package System,*
    2019 WL 4750141 (W.D. Pa. Sep. 30, 2019) .......................................3

*Symczyk v. Genesis Healthcare Corp.,*
    656 F.3d 189 (3d. Cir. 2011) ...................................................... 3, 5 13

*Vondriska v. Premier Mortg. Funding, Inc.,*
    564 F. Supp. 2d 1330 (M.D. Fla. 2007)............................................10

*Williams v. ezStorage Corp.,*
    2011 WL 1539941 (D. Md. Apr. 20, 2011).........................................8

*Zavala v Wal-Mart Stores, Inc.,*
    691 F.3d 527 (3d Cir. 2012) .....................................................3, 5, 12

**STATUTES AND RULES**

29 *U.S.C.* § 216(b) ............................................................................1

29 *U.S.C.* § 255(a)...........................................................................13

29 *U.S.C.* § 256(b)...........................................................................13

N.J.S.A. 34:11-56a25.2 .....................................................................4

Rule 23 .............................................................................................11

## I.    <u>INTRODUCTION</u>

Named Plaintiff William Mejia ("Named Plaintiff," "Plaintiff," or "Mejia") has satisfied the lenient evidentiary burden needed for the Court to grant conditional certification of the FLSA Collective and to permit Plaintiff to issue notices of the lawsuit to the potential FLSA Collective members pursuant to 29 *U.S.C.* § 216(b). Defendant Allied Aviation Services, Inc. (hereinafter, "Defendant" or "Allied Aviation") has not presented any valid grounds to warrant denial of the motion for conditional certification.

Plaintiff and the other Fueling Supervisors/Dispatchers worked for Allied Aviation on the fueling of commercial planes at Newark Airport.  Plaintiff has shown, through his and two other Declarations, that their scheduled shifts were for eight hours.  However, without paying overtime at time-and-a-half, Defendant routinely required them to work more than 40-hour workweeks through required work before and after their scheduled eight-hour shifts.  Defendant has not disputed that it imposed these requirements on the Fueling Supervisors/Dispatchers.  Instead, Defendant disputes the exemption status of the Fueling Supervisors/Dispatchers and their entitlement to overtime pay.  However, exemption status is an ultimate issue to be decided by the Court after the conclusion of discovery.

At this early stage, discovery has not been completed and proofs regarding exemption status are not part of the analysis for conditional certification.  Instead,

Plaintiff only needs to show some evidence of a factual nexus between the manner in which the employer's policy affected him and the manner in which it affected other employees.  Named Plaintiff has provided sufficient evidence of that nexus.

Therefore, Plaintiff respectfully requests that the Court grant the motion, direct Defendant to provide contact information for the potential Collective members, and permit Plaintiff to issue notices of this lawsuit to the potential Collective members.

## II.    LEGAL ARGUMENT

### A. The Court Should Entirely Disregard Point I of Defendant's Opposition Brief as Irrelevant to a Determination for FLSA Conditional Certification.

Point I of Defendant's Brief is nothing more than an improper attempt to prejudice the Court prior to discovery and should be disregarded in its entirety. Defendant erroneously devoted most of its opposition brief to arguing whether Fueling Supervisors and/or Dispatchers should be considered exempt or non-exempt for purposes of qualifying for overtime payments.  However, that argument is not appropriate for this motion for conditional certification.  Exempt or non-exempt status will be among the ultimate issues decided by this Court *after* appropriate discovery has been conducted.  At this early stage, discovery has not been conducted, and the ultimate merits of the lawsuit are not part of the analysis for conditional certification of an FLSA Collective.

Instead, "the inquiry at the first step of the certification process is limited to whether 'similarly situated [individuals] do in fact exist.'" *Sullivan Blake v. FedEx Ground Package System*, 2019 WL 4750141 (W.D. Pa. Sep. 30, 2019) (quoting *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536 n.4 (3d Cir. 2012)). In fact, conditional certification does not even guarantee a collective trial. Whether the lawsuit *ultimately* will proceed as a collective action is determined later in the litigation, "[a]fter discovery, and with the benefit of a much thicker record than it had at the notice stage." *Symczyk v. Genesis Healthcare Corp.,* 656 F.3d 189, 193 (3d Cir. 2011) (internal quotation omitted); *Halle v. West Penn Allegheny Health System*, 842 F.3d 215, 226 (3d Cir. 2016) ("Upon conclusion of discovery, the parties will file motions seeking final certification or decertification of the collective action."); *Zavala*, 691 F.3d at 537 (It is at the "second stage" that "plaintiffs must demonstrate by a preponderance of the evidence that members of a proposed collective action are similarly situated in order to obtain final certification.").

At the conditional certification stage, courts do not rule on the merits of the case or determine issues of credibility. *Maddy v. Gen. Elec. Co.,* 59 F. Supp. 3d 675, 681 (D.N.J. 2014) (citing *Goodman v. Burlington Coat Factory*, 2012 WL 5944000, at *4 (D.N.J. Nov. 20, 2012)) ("Courts do not assess the merits of plaintiffs' underlying claims at this stage."); *Ornelas v. Hooper Holmes, Inc.,* 2014 WL 7051868, at *9 (D.N.J. Dec. 12, 2014) ("Engaging in the individualized inquiry

proposed by Defendants would require the Court to engage in a detailed fact finding determination on the merits, which is improper at this stage of the litigation."); *Herring v. Hewitt & Assoc., Inc.,* 2007 WL 2121693, at *8 (D.N.J. July 24, 2007) ("We will not consider the substance of Defendant's arguments on the merits at this stage because only a motion for conditional certification is presently before us.").

Therefore, Allied Aviation's arguments in Point I regarding whether Plaintiff and the Fueling Supervisors/Dispatchers will ultimately be eligible for overtime pay is wholly improper and should be disregarded. Having not yet completed discovery, Plaintiff is not even in a position to counter this argument in Defendant's brief.[1]

Nonetheless, what is clear now is that Defendant issued paystubs to Plaintiff that explicitly state: "BASIS OF PAY: HOURLY." *See* Declaration of William Mejia ("Mejia Decl."), Ex. B. Those paystubs also reflect that Defendant paid Plaintiff based on only 40 hours of work and did not pay an overtime premium. *Id.*

---

[1] Defendant's references to a purported NJDOL determination should be disregarded as well, and are another improper attempt to prejudice the Court. The New Jersey Supreme Court has held that determinations by subordinate NJDOL employees do _not_ constitute a defense to NJWHL claims. *Branch v. Cream-O-Land Dairy,* 224 N.J. 567, 573-574 (2021) (a ruling by anyone subordinate to Commissioner of the NJDOL does not satisfy the requirements of a good-faith defense under *N.J.S.A.* 34:11-56a25.2). In this case, the only document that Defendant has presented is from a Technical Program Assistant of the NJDOL and is not even an official determination letter. *See* Declaration of Rory McCormack, Ex. B (filed by Defendant). Indeed, Defendant lacks any formal document from the NJDOL stating whether the Commissioner made a ruling, what the ruling was, and the reasoning behind the ruling. *Id.* Therefore, it should not be considered even when the ultimate issues in this matter are decided.

Therefore, there is a good faith basis for Plaintiff's assertion that he and other Fueling Supervisors/Dispatchers are/were non-exempt and eligible for overtime pay.

The eligibility status of the Fueling Supervisors/Dispatchers for overtime pay will be part of the ultimate issues that are later decided on the merits but cannot be determined at this stage. Eligibility status is not an appropriate consideration for this motion and is not part of the legal standard for determining conditional certification. Therefore, Point I of Defendant's brief should be disregarded.

### B. Plaintiff Has Satisfied the Legal Standard for the Court to Conditionally Certify the FLSA Collective.

At this stage, conditional certification merely requires a plaintiff to present "some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." *Symczyk,* 656 F.3d at 193. When considering the first step of conditional certification, courts apply a "fairly lenient standard" to determine whether the plaintiff has met the "modest factual showing" necessary for certification. *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 570 (D.N.J. 2014) (quoting *Zavala,* 691 F.3d at 536 n. 4). "Applying a 'fairly lenient standard' at the first step, the court makes a preliminary determination as to whether the named plaintiffs have made a 'modest factual showing' that the employees identified in their complaint are 'similarly situated.'" *Camesi v. Univ. of Pittsburgh Med. Ctr.,* 729 F.3d 239, 243 (3d Cir. 2013) (quoting *Zavala*, 691 F.3d at 536 & n.

4).  Conditional certification occurs early on in the case, before significant discovery has taken place.

In this case, Plaintiff has satisfied the requirement of a "modest factual showing" that he and the other Fueling Supervisors/Dispatchers are similarly situated.  Named Plaintiff attested to the policies and practices of Allied Aviation that required the Fueling Supervisors/Dispatchers to work before and after their scheduled eight-hour shifts, routinely working over 40 hours per workweek without receiving an overtime premium.  Two other former Fueling Supervisors (Fernandez and Moskowitz) attested to and confirmed that they were subjected to the same or similar requirements.[2]  (*See* Mejia Decl., ¶¶ 13-26; Fernandez Decl., ¶¶ 3-8; Moskowitz Decl., ¶¶ 3-8.)  Defendant required this extra work routinely; it was not an unusual occurrence.  (*See* Mejia Decl., ¶¶ 13-26; Fernandez Decl., ¶¶ 3-8; Moskowitz Decl., ¶¶ 3-8.)  The only time that Defendant paid anything extra was when the overtime exceeded two hours at a time, but then still did _not_ compensate at one-and-one-half times the Fueling Supervisor's regular hourly rate.  (*See* Mejia Decl., ¶¶ 13-26; Fernandez Decl., ¶¶ 3-8; Moskowitz Decl., ¶¶ 3-8.)  Notably, Defendant has not disputed that it requires its Fueling Supervisors/Dispatchers to routinely work before and after their scheduled shifts or that Defendant does not pay

---

[2]  Named Plaintiff and two other potential Collective Members have also signed Opt-In/Consent to Join forms.  *See* Declaration of Ravi Sattiraju, Esq., Ex. 4.

them overtime pay.

Evidence of a company-wide policy is a sufficient basis for conditional certification. Plaintiff has shown that Plaintiff and other Fueling Supervisors "make the same allegation of injury imposed by a single policy of the Defendant[.]" *Garcia v. Freedom Mortg. Corp.,* 2009 WL 3754070, at *6 (D.N.J. Nov. 2, 2009) (Granting motion for conditional certification and finding that "[a]ll prospective [collective] members . . . work for Freedom Mortgage, have been expected to work over forty hours a week and have not been compensated for that overtime."); *see also Ornelas*, 2014 WL 7051868, at *8 (D.N.J. Dec. 12, 2014) (in case involving misclassification claims, finding that "Plaintiffs and [] putative class members are employed in similar positions and the allegations that Defendants engaged in the practice of not paying overtime is sufficient to support the allegation that Plaintiffs were collectively the victims of a single decision, policy or plan."); *see also, Aguirre-Molina v. Truscapes SW Fla. Inc.,* 2016 WL 4472992, *5 (M.D. Fla. Aug. 3, 2016) ("allegations regarding . . . a common policy or plan provide a reasonable basis for granting certification"); *Robinson v. Dolgencorp, Inc.,* 2006 WL 3360944, *6 (M.D. Fla. Nov. 13, 2006) (same); *Barron v. Henry Cty. Sch. Sys.,* 242 F. Supp. 2d 1096, 1102 (M.D. Ala. 2003) (same).

Plaintiff has satisfied his modest burden of showing that he and the other Fueling Supervisors are similarly situated. This modest burden has been satisfied in

other cases based on less evidence than Named Plaintiff has provided here.  *See, e.g.,*

*Ouellette v. Ameridial, Inc.,* 2017 WL 2972636, at *4 (N.D. Ohio July 12, 2017)

("despite there being no affidavits other than plaintiff's, plaintiff has submitted three

job postings from defendant's own website setting forth job descriptions for

'healthcare customer service' [which] are broadly consistent with the job that

Ouellette describes doing    . . . this establishes a 'modest factual showing' of

similarity in the job of CSR");[3] *see also Pearsall-Dineen*, 27 F. Supp. 3d at 573, n.

---

[3]  A number of courts have granted conditional certification based on a single affidavit.  *See Morrison v. Columbus Fam. Health Care LLC,* 2023 WL 3266785, at *6 (S.D. Ohio May 5, 2023) (quoting *Rembert v. A Plus Home Health Care Agency LLC,* 2018 WL 2015844, at *2 (S.D. Ohio May 1, 2018) (citation omitted) ("'A court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff.'  Indeed, this Court has done so on multiple occasions.") (collecting cases); *Infantino v. Sealand Contractors Corp.,* 565 F. Supp. 3d 347, 365 (W.D. N.Y. 2021) (quoting *Robbins v. Blazin Wings, Inc.,* 2016 WL 1068201, *6 (W.D. N.Y. 2016)) ("an FLSA collective action may be conditionally certified upon even a single plaintiff's affidavit."); *Bonett v. Shawmut Woodworking & Supply, Inc.,* 2021 WL 423181, at *4 (W.D. N.Y. Feb. 8, 2021) ("a single affidavit can be sufficient to meet the low standard for conditional class certification."); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, 2015 WL 4240985, at *4 (S.D. N.Y. July 13, 2015) (granting Plaintiff's motion for conditional certification based on single affidavit which "sets forth sworn statements that she and 'at least 25 other workers at Obao' were employed by the Defendants, regularly worked for less than minimum wage, and were not paid overtime; she also states that her co-workers in tipped positions were often forced by Defendants to share tips or have their tips deducted as punishment."); *Williams v. ezStorage Corp.,* 2011 WL 1539941, at *3 (D. Md. Apr. 20, 2011) (finding that a plaintiff had demonstrated that she was "similarly situated" to other potential plaintiffs based on a "single affidavit," coupled with excerpts from the defendant's employee handbook).

4 (affidavits submitted in support of motion for conditional certification provide sufficient evidence where "the opt-in Plaintiffs explain their personal experience with the underwriting workload and policies, and based on their 'personal knowledge, observations, and experiences,' specifically identify other underwriters who had similar job roles and were allegedly also deprived of their overtime wages."). Accordingly, Plaintiff respectfully requests that the Court grant his motion for conditional certification.

### C. Defendant's Criticisms of Plaintiff's Supporting Declarations Are Inconsistent and Do Not Constitute Grounds to Deny Conditional Certification.

Plaintiff has met his burden of production and has made a modest factual showing that similarly situated individuals exist. Allied Aviation's inconsistent assertions that the three Declarations supporting Plaintiff's Motion are "boilerplate" while also too different (requiring individualized analysis) do not constitute valid grounds to deny conditional certification. Aside from being inconsistent, Defendant's position lacks merit.

Any minor variations between the Named Plaintiff's experiences and those of the other Fueling Supervisors/Dispatchers (to the extent any exist) are not a barrier to conditional certification -- collective action members need only be similar, not identical: "variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered

at [the notice] stage." *Vondriska v. Premier Mortg. Funding, Inc.,* 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007) (quoting *Scott v. Heartland Home Finance, Inc.,* 2006 WL 1209813, *3 (N.D. Ga. May 3, 2006)); *Grayson v. K-Mart,* 79 F.3d 1086, 1096 (11th Cir. 1996).[4]  To the extent there are any variations at all between Named Plaintiff's work experiences and those of the other declarants, they are only minor and do not undermine conditional certification.  Indeed, Defendant has only cited to one minor difference in the amounts of time worked before and after the scheduled shifts (25 minutes versus 30 minutes).  Such a minor difference does not warrant a denial of the motion.  Plaintiff's three supporting Declarations show that Defendant routinely required the Fueling Supervisors/Dispatchers to work before and after their scheduled shifts, without appropriate overtime pay.

Furthermore, Defendant's own submission demonstrates the similarities between Plaintiff and other Fueling Supervisors/Dispatchers.  Defendant has admitted in its submission that all of the Fueling Supervisors/Dispatchers perform

---

[4] *See Vondriska*, 564 F. Supp. 2d at 1335 (conditional certification is appropriate where "the employees' pay provisions are similar in that they are all compensated by commissions.  Although there are variations in job titles and job duties, the record evidence shows that there is a uniform class of employees whose primary duty is selling loans."); *Longcrier v. H-L Co. Inc.*, 595 F. Supp. 2d 1218, 1236 (S.D. Ala. 2008) (granting conditional certification on the basis that "Plaintiffs have adequately and sufficiently demonstrated that other hourly employees at [defendant] are similarly situated to them, in the sense that they are subject to common policies, practices or plans of HL–A that allegedly violate the FLSA.").

similar duties, are treated by Defendant in a similar manner, and that Defendant does not pay them overtime pay at time-and-a-half when they work more than 40 hours per workweek.  *See generally*, Declaration of Rory McCormack (filed by Defendant).[5]

Additionally, Defendant's assertion that determining overtime pay will require an individualized analysis is not appropriate at this stage.  *See Ornelas v. Hooper Holmes, Inc.,* 2014 WL 7051868, at *9 (D.N.J. Dec. 12, 2014) ("Engaging in the individualized inquiry proposed by Defendants would require the Court to engage in a detailed fact finding determination on the merits, which is improper at this stage of the litigation.").[6]

Named Plaintiff has made a "'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members."  *Halle v. W. Penn Allegheny Health Sys. Inc.,* 842 F.3d 215, 224 (3d Cir. 2016) (citation omitted).  Therefore, conditional

---

[5] The unpublished decisions cited by Defendant are also distinguishable.  *See, e.g., DiFlavis v. Choice Hotels Int'l, Inc.,* No. CV 18-3914, 2020 WL 610778, at *16 (E.D. Pa. Feb. 6, 2020) (single affidavit by named plaintiff without any knowledge of how other employees were treated).

[6] Indeed, the authority on which Defendant relies (*Ferreras v. Am. Airlines, Inc.,* 946 F.3d 178 (3d Cir. 2019)) is inapposite.  That case considered class certification under Rule 23, not a conditional certification under Section 216(b) of the FLSA.

certification should be granted to enable notice of the lawsuit to be issued to potential members of the FLSA Collective.

### D. Point IV of Defendant's Brief Lacks Merit and Legal Support and Should be Disregarded.

Defendant has also asserted a baseless dispute over the time parameters of the notice period and improperly seeks to limit the class period to 16 months (April 2022 through August 2023) rather than three years.  Crucially, conditional certification merely facilitates ***notice*** to employees.  As the Third Circuit has emphasized, the "sole consequence of conditional certification is the dissemination of court-approved notice to potential collective action members." *Halle*, 842 F.3d at 224 (internal quotations omitted); *Zavala*, 691 F.3d at 536 ("'conditional certification' is not really a certification.").[7]  "A district court's early intervention in the preparation and distribution of notice to potential participants serves legitimate purposes, including avoidance of multiplicity of duplicative suits and establishing cut-off dates to expedite disposition of the action."  *Halle*, 842 F.3d at 224; *accord Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (collective actions provide

---

[7]  *See also Fischer v. Fed. Express Corp.*, 42 F.4th 366, 376 (3d Cir. 2022) ("certification" of a collective action "is a misnomer" because it "only results in notice to potential plaintiffs, rather than the creation of an independent legal entity."); *In re Citizens Bank, N.A.*, 15 F.4th 607, 611 (3d Cir. 2011) ("Conditional certification permits the dissemination of a court-approved notice to all potential plaintiffs, who are then given the opportunity to affirmatively opt in as plaintiffs to the lawsuit.").

employees with "the advantage of lower individual costs to vindicate rights by the pooling of resources."); *Symczyk*, 656 F.3d at 200 (Congress' purpose behind collective action "was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer.") (internal quotations omitted).

These advantages, however, "depend[] on employees receiving accurate and timely notice . . . so that they can make informed decisions about whether to participate." *Hoffman-LaRoche*, 493 U.S. at 170. As such, district courts have a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71.

Defendant's assertion that the FLSA Collective notice period should be cut off when Plaintiff's employment ended and limited to individuals with whom Plaintiff worked lacks merit. Defendant has not cited any policy changes since 2023 or any legal authority that supports its proposed limitation.

To the contrary, courts routinely establish the three-year notice period up through the date of conditional certification:

> Under the FLSA, the action is commenced for opt-in plaintiffs from the date they file a written consent to join the action, 29 U.S.C. § 256(b), and the maximum possible statute of limitations is three years. *See* 29 U.S.C. § 255(a). Accordingly, courts regularly limit notice in FLSA collective actions to those potential opt-in plaintiffs employed within three years of the date of conditional certification. *See Gervasio v. Wawa, Inc.*, No. 17-245, 2018 WL 385189, at *5 (D.N.J. Jan. 11, 2018) (limiting notice period to three years preceding the order conditionally

13

certifying collective action, not the filing of the complaint).

*Porter v. Merrill Lynch Pierce Fenner & Smith, Inc.,* No. CV178043FLWTJB, 2018 WL 5874094, at *4 (D.N.J. Nov. 9, 2018). Plaintiff's proposed Notice is consistent with this standard. (*See* Declaration of Ravi Sattiraju, Esq., Ex. 1 (filed with Plaintiff's initial moving papers)). Defendant has not set forth any valid basis to contest conditional certification or Plaintiff's proposed form of notice to the FLSA Collective.

## III.    CONCLUSION

For the foregoing reasons and those set forth in Named Plaintiff's initial motion papers, Named Plaintiff respectfully requests that his Motion for Conditional Certification be granted, authorizing Named Plaintiff to issue the proposed notice and opt-in form that will allow potential Collective Members to join this case.

Respectfully submitted,

*s/ Ravi Sattiraju*

Ravi Sattiraju (Bar # 035251998)
**SATTIRAJU & THARNEY, LLP**
50 Millstone Road,
Building 300, Suite 202
East Windsor, New Jersey 08520
Telephone: (609) 469-2110
Facsimile: (609) 228-5649
Email: rsattiraju@s-tlawfirm.com

*Attorneys for Plaintiff William Mejia, on behalf of himself and those similarly situated*

Dated: April 14, 2025

14